UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

09 MAR 16 PM 2:10

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| NIBCO INC., IN ITS CAPACITY AS THE SPONSOR AND ADMINISTRATOR OF THE NIBCO INC. PROFIT SHARING AND 401(K) SAVINGS PLAN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>AMERICAN FUNDS SERVICE COMPANY, and THE GROWTH FUND OF AMERICA, INC.,<br><br>　　　　　　Defendants. | CASE NO. 1:09-cv-0319 WTL-TAB |

## COMPLAINT

NIBCO INC. ("NIBCO" or "Plaintiff"), in its capacity as the sponsor and administrator of the NIBCO INC. Profit Sharing and 401(k) Savings Plan ("401(k) Plan"), by counsel, for its Complaint against American Funds Service Company ("AFS") and The Growth Fund of America, Inc. ("TGFA") (together "Defendants"), states as follows:

### Parties

1. NIBCO is a worldwide manufacturer of flow control products for residential, commercial construction, industrial and irrigation markets. NIBCO's principal place of business is in Elkhart, Indiana.

2. The 401(k) Plan is a defined contribution, individual account employee pension benefit plan, as defined in the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), ERISA Sections 3(2)(A) and 3(34), 29 U.S.C. §§1002(2)(A) and 1002(34).

3. NIBCO is the sponsor and administrator, within the meaning of ERISA Section 3(16), 29 U.S.C. §1002(16), of the 401(k) Plan, and the employer of the 401(k) Plan participants. NIBCO is a fiduciary of the 401(k) Plan as defined by ERISA Section 3(21)(A), 29 U.S.C. §1002(21)(A).

4. The 401(k) Plan is administered in Elkhart, Indiana.

5. Defendant AFS is the "transfer agent" for Defendant TGFA.

6. Upon information and belief, AFS is registered to do business in Indiana as a foreign corporation, has an office in this district and can be found at 8332 Woodfield Crossing Blvd., Indianapolis, Indiana, 46240.

7. Upon information and belief, Defendant TGFA is a diversified management investment company registered under the Investment Company Act of 1940, also known as a mutual fund, and is incorporated under the laws of the State of Maryland. Upon further information and belief, while TGFA has a principal place of business in Maryland, it is also in business in Indiana, has an office in this district and/or can be found at 8332 Woodfield Crossing Blvd., Indianapolis, Indiana, 46240.

### Jurisdiction and Venue

8. This action arises under ERISA, 29 U.S.C. §1001, et seq.

9. The Court has jurisdiction over the ERISA claim in this matter pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e).

10. Venue in this district is proper pursuant to 29 U.S.C. §1132(e)(2) because Defendants' breach(es) of ERISA took place in this district and/or one or both of the Defendants reside or otherwise may be found in this district.

## American Funds Liquidation

11. During the relevant times until May 1, 2008, a portion of the assets of the 401(k) Plan were invested in Defendant TGFA.

12. On May 1, 2008, the 401(k) Plan's investment in this mutual fund was liquidated by AFS. However, as more fully described below, the 401(k) Plan did not receive 100% of the liquidation proceeds from AFS (or TGFA) to which the 401(k) Plan was entitled.

13. The 401(k) Plan's directed trustee and recordkeeper during the period of time in which the 401(k) Plan invested some of its assets in Defendant TGFA was Wachovia Bank, National Association ("Wachovia").

14. In January 2008, NIBCO made the decision to change the recordkeeping and directed trustee service provider for the 401(k) Plan from Wachovia to another service provider, the Principal Financial Group ("Principal").

15. As a result, NIBCO entered into an agreement (known as a "conversion" or "deconversion" agreement in the mutual fund industry) with Wachovia to transfer Plan assets to the new service provider, Principal, on May 1, 2008.

16. On April 30, 2008, as part of the deconversion, Wachovia prepared and transmitted a liquidation order, through the National Securities Clearing Corporation, to AFS, the transfer agent responsible for handling such liquidations for TGFA.

17. The liquidation order prepared and transmitted by Wachovia to AFS on April 30, 2008 was for a number of units (731,111) that did not precisely correspond to the number of units (731,111.434) owned by the 401(k) Plan according to the records of AFS/TGFA.

18. Because the liquidation order did not precisely match the number of units owned, rather than execute the liquidation order, as submitted, AFS rejected the liquidation order.

19. On May 1, 2008, Wachovia learned that the liquidation order had been rejected.

20. The market was ascending at this time. The closing price for TGFA on April 30, 2008 was $32.69 per unit; and on May 1, 2008 it was $33.04 per unit.

21. On May 1, 2008, Wachovia contacted AFS and submitted a corrected liquidation order to AFS that was executed by AFS on May 1, 2008. However, as a result of discussions between Wachovia and AFS, the liquidation on May 1, 2008 was based on the April 30, 2008 closing price instead of the May 1, 2008 closing price. Therefore, although the units were liquidated on May 1, 2008 for $33.04 per unit, the 401(k) Plan received only $32.69 per unit, resulting in an underpayment to the 401(k) Plan by the Defendants of $255,889.

22. NIBCO was not a party to, did not consent to, nor was it made aware of, the aforementioned discussions between Wachovia and AFS on May 1, 2008.

23. The decision by AFS to reject the original liquidation order and/or to have the liquidation on May 1, 2008 retroactively based on the lower April 30, 2008 closing price, caused damage to the 401(k) Plan.

24. Essentially, Defendants improperly retained possession of the $255,889 in 401(k) Plan assets (the "Withheld Proceeds") that should have been returned to the 401(k) Plan as liquidation proceeds. It is believed Defendants wrongfully merged, diverted or retained the Withheld Proceeds in TGFA or in some other place.

25. ASF, by negotiating the disposition of and/or retaining, diverting and/or controlling the Withheld Proceeds, exercised discretion and control over the assets of the 401(k) Plan.

26. TGFA, by receiving, retaining, diverting, and/or controlling the Withheld Proceeds, exercised discretion and control over the assets of the 401(k) Plan.

27. On January 29, 2009, NIBCO initiated an American Arbitration Association (AAA) proceeding against Wachovia related to this matter; this Complaint is thus directed towards Defendants' wrongful conduct and breaches of fiduciary duty under ERISA as further discussed below.

## Breach Of Fiduciary Duty Under ERISA
### (Pursuant to ERISA Section 502(a)(2), 29 USC § 1132(a)(2))

28. Pursuant to ERISA Section 502(a)(2), 29 USC §1132(a)(2), Plaintiff NIBCO, as sponsor and administrator of the 401(k) Plan, and thus a fiduciary of such plan, has standing to bring this action against Defendants on behalf of the 401(k) Plan and the 401(k) Plan participants.

29. AFS is a fiduciary of the 401(k) Plan because, in concert with Wachovia, it exercised authority and control respecting the possession, management and disposition of the 401(k) Plan's assets.

30. TGFA is a fiduciary of the 401(k) Plan because it exercised authority and control respecting the possession, management and disposition of the 401(k) Plan's assets.

31. Namely, and without limitation, Defendants have breached their respective fiduciary duties to the 401(k) Plan under ERISA by: (1) AFS's rejecting the original liquidation order instead of liquidating the whole shares covered by such request; (2) by AFS deciding or agreeing to have the liquidation on May 1, 2008 retroactively based on the lower April 30, 2008 closing price; and (3) by Defendants wrongfully retaining or diverting the Withheld Proceeds instead of returning them to the 401(k) Plan for reinvestment.

32. As fiduciaries of the 401(k) Plan, Defendants had a fiduciary duty under ERISA to discharge their duties with respect to the 401(k) Plan solely in the interest of the 401(k) Plan participants and with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such a liquidation (and corresponding requirement to return all of the liquidation proceeds to the 401(k) Plan) would use in the conduct of an enterprise of a like character and with like aims.

33. As fiduciaries of the 401(k) Plan, Defendants failed to act for the exclusive benefit of the participants; have failed to act as a prudent expert(s); and have therefore breached their respective fiduciary duties under ERISA.

34. Defendants' respective breaches of their fiduciary duties have caused loss to the 401(k) Plan.

35. Pursuant to ERISA, including ERISA Section 409(a), 29 USC §1109(a): "Any person [here Defendants] who is a fiduciary with respect to a plan [here the 401(k) Plan] who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title <u>shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of the assets of the plan by the fiduciary</u>, and shall be subject to such other equitable or remedial relief as the court may deem appropriate…" (emphasis added).

36. Accordingly, for Defendants' breaches of fiduciary duty described herein, Defendants are personally liable to repay and restore the Withheld Proceeds to the 401(k) Plan.

37. As a result of the fiduciary breaches of Defendants, Plaintiff has been forced to retain legal counsel and has incurred and will continue to incur necessary and reasonable

6

attorneys' fees and costs in prosecuting this action. Pursuant to 29 U.S.C. §1132(g)(1), Plaintiff is entitled to a recovery of its reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff NIBCO, Inc., prays for an award in favor of the 401(k)Plan, and against Defendants American Funds Service Company and The Growth Fund of America, Inc., in an amount to be established at trial, reasonable attorneys' fees, the costs of this action, pre-judgment interest, and all other relief as is just and proper in the premises.

Respectfully submitted,

_____
Thomas J. Costakis, Attorney No. 4314-49
Lawrence W. Schmits, Attorney No. 2019-49
Aaron R. Raff, Attorney No. 23715-49
KRIEG DeVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, Indiana 46204-2079
Phone: (317) 636-4341
Fax:    (317) 636-1507

Attorneys for Plaintiff NIBCO, Inc., in its capacity as the sponsor and administrator of the NIBCO INC. Profit Sharing and 401(k) Savings Plan

IM-1967872_4.DOC