**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **NIBCO INC., IN ITS CAPACITY AS THE SPONSOR AND ADMINISTRATOR OF THE NIBCO INC. PROFIT SHARING AND 401(K) SAVINGS PLAN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**AMERICAN FUNDS SERVICE COMPANY, and THE GROWTH FUND OF AMERICA, INC.,**<br><br>**Defendant(s).** | **CASE NO. 1:09-cv-0319 WTL-TAB** |

**BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

Defendants American Funds Service Company ("AFS") and The Growth Fund of America, Inc., ("TGFA") (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(6) and S.D.Ind.L.R. 7.1(a), respectfully submit the following brief in support of their Motion to Dismiss Complaint.

**I.**

**INTRODUCTION**

This is a classic case of a plaintiff that wants to have its cake and eat it, too.  Plaintiff admits that it placed an order through Wachovia Bank, the agent and trustee for the NIBCO Inc. Profit and 401k Savings Plan ("the Plan"), which Plaintiff sponsors and administrates.  (*See* Complaint ¶ 16.)  The order was placed with AFS through the National Securities Clearing Corporation ("NSCC")[1] on April 30, 2008, to redeem—*i.e.,* sell—the Plan's shares in TGFA.

---

[1]  The NSCC provides automated, centralized clearance and settlement for transactions in mutual funds.  *See www.nscc.org.*

(*Id.*)  Due to Plaintiff's or the Plan trustee's apparent clerical error, the order initially did not go through (Plaintiff's order listed the wrong number of shares).  (*See id.* ¶¶ 17-18.)  The problem with the order was discovered the next day, May 1.  After a discussion between Plaintiff's Plan trustee and AFS, it was decided that the redemption should be based on the April 30, 2008 price—the date on which AFS received Plaintiff's order.  (*See id.* ¶ 21.)  Although Plaintiff on the one hand complains that AFS should have allowed the order to go through on April 30 (*id.* ¶ 31), on the other hand it complains that "the market was ascending at this time" and it should have received the higher price that TGFA shares closed at on May 1 (*id.* ¶ 21), *even though Plaintiff's trustee instructed AFS to price the transaction on the date of the order, April 30, and AFS was legally required to price the transaction on April 30.*

The Court should grant this Motion to Dismiss with prejudice because Plaintiff has attempted to allege in its Complaint a single ERISA claim against TGFA and AFS that has no proper legal basis.  First, Securities and Exchange Commission ("SEC") Rule 22c-1 resolves as a matter of law the key issue in this case—*i.e.*, What was the proper date for AFS's pricing of mutual fund shares that Plaintiff redeemed?  17 C.F.R. § 270.22c-1(a).  SEC Rule 22c-1(a) provides that a registered investment company (commonly known as a "mutual fund"), such as TGFA, or a person authorized to consummate transactions in the investment company's securities, such as AFS, must redeem the investment company's shares "at a price based on the current net asset value of such security which is next computed after receipt of . . . an order to purchase or sell such security[.]"  17 C.F.R. § 270.22c-1(a).  Rule 22c-1(b)(1) requires calculation of the net asset value or "NAV" at least once daily, Monday through Friday.  *See* 17 C.F.R. § 270.22c-1(b)(1).

Because the Complaint admits that AFS received Plaintiff's order to redeem its holdings on April 30, 2008, AFS was required under Rule 22c-1(a) and (b)(1) to price Plaintiff's

redemption of shares at the NAV calculated on that date.[2]  Specifically, the Complaint alleges

that Plaintiff sent its order to sell its shares to AFS through the automated NSCC system "on

April 30, 2008." (*See* Complaint ¶ 16.)  Thus, Plaintiff cannot as a matter of law state a claim

that it was entitled to the price on the following day, May 1, 2008, regardless if there was some

administrative error in the initial liquidation order that required clarification.  AFS had three days

after receiving the order to "settle" the transaction, but, by law, had to price the transaction on

the day it *received* the order.[3]  17 C.F.R. § 240.15c6-1 .

Second, Plaintiff has failed to—and cannot—adequately plead the elements of a viable

claim for breach of fiduciary duty under ERISA.  *Mutual funds are exempt from being*

*considered plan fiduciaries under ERISA.  See* ERISA § 3(21)(B); 29 U.S.C. § 1002(21)(B).

Further, Plaintiff's repeated legal conclusion that AFS and TGFA exercised "control and

authority" over the Plan's assets is unsupported by any alleged facts and contradicted by reality.

The Plan's trustee, which exercises exclusive control and management of plan assets, simply

directed third-party AFS to redeem the Plan's holdings in TGFA based on the price for April 30,

2008.  Because Plaintiff cannot as a matter of law assert a claim under ERISA against AFS and

TGFA, the Court should dismiss the Complaint with prejudice pursuant to Federal Rule of Civil

Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[4]

---

[2]  Mutual funds are given an additional three days to "settle" any transaction after receiving an
    order.  *See* 17 C.F.R. § 240.15c6-1 (defining the "settlement cycle" as "payment of funds and
    delivery of securities").  The Complaint demonstrates that AFS sought to confirm the
    logistics of the redemption order sent by the Plan's authorized trustee.  (Complaint ¶¶ 17-21.)

[3]  Because the only allegation against TGFA is that it wrongfully retained the Plan's assets,
    (Complaint ¶ 31), if AFS acted lawfully in pricing the transaction on April 30, 2008, TGFA
    did not wrongfully retain the assets, and Plaintiff's claims against it must be dismissed.

[4]  Plaintiff's Complaint also essentially seeks a double recovery, as it has brought an action in
    another venue against its trustee seeking the difference between the April 30 and May 1

## II.

## BACKGROUND

AFS is a wholly-owned subsidiary of Capital Research and Management Company, the investment adviser to the American Funds family of mutual funds. The American Funds is one of the three largest mutual fund families in the United States. AFS' responsibilities with respect to the funds include processing redemptions and handling phone calls from shareholders and their financial advisers related to account inquiries and transactions. TGFA is one of the mutual funds in the American Funds family of mutual funds.

## III.

## ARGUMENT

### A.    The Complaint Fails To State A Claim Because SEC Rule 22c-1 Required Redemption On The Date AFS Received The Order.

The Complaint should be dismissed with prejudice because Plaintiff as a matter of law cannot state a claim that it was entitled to value its redemption of shares on May 1, 2008 when the applicable Securities and Exchange Commission ("SEC") rules required AFS to price the redemption based on the NAV for April 30, 2008.[5]

The Complaint alleges that AFS received Plaintiff's redemption request on April 30, 2008 and it liquidated Plaintiff's account based on the net asset value for that day, which was the net asset value first computed after the receipt of Plaintiff's liquidation order. (Complaint ¶¶ 16-

---

prices. (Complaint ¶ 27) ("On January 29, 2009, NIBCO initiated an American Arbitration Association (AAA) proceeding against Wachovia related to this matter.").

[5] Although the plaintiff's factual allegations are assumed true for purposes of a motion to dismiss, they must be sufficient to raise a right to relief beyond a speculative level. *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). If those allegations fail to raise a right to relief, dismissal is appropriate. *Id.* Further, a district court may dismiss a complaint with prejudice if, as here, "amendment would be futile." *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997).

17.)  Plaintiff alleges that AFS and TGFA breached purported fiduciary duties under ERISA by "(1) AFS's rejecting the original liquidation order instead of liquidating the whole shares covered by such request; (2) by AFS deciding or agreeing to have the liquidation on May 1, 2008 retroactively based on the lower April 30, 2008 closing price; and (3) Defendants wrongfully retaining or diverting the Withheld Proceeds instead of returning them to the 401(k) Plan for reinvestment."  (Complaint ¶ 31.)

By law, AFS was required to value the redemption based on the net asset value for April 30, 2008.  17 C.F.R. § 270.22c-1.  The Investment Company Act of 1940 and the rules of the SEC, promulgated thereunder, regulate the purchase and sale of mutual fund shares.  SEC Rule 22c-1 provides that a registered investment company (commonly known as a "mutual fund," such as TGFA) or a person (such as AFS) authorized to consummate transactions in the investment company's securities, must redeem the investment company's shares "at a price based on the current net asset value of such security which is next computed after receipt of . . . an order to purchase or sell such security[.]"  17 C.F.R. § 270.22c-1(a), *promulgated under* the Investment Company Act of 1940, § 22, *codified at* 15 U.S.C. § 80a-22.  Rule 22c-1(b)(1) requires calculation of the net asset value or "NAV" at least once daily, Monday through Friday. *See* 17 C.F.R. § 270.22c-1(b)(1).  Accordingly, if the order was received on April 30, 2008 (as alleged), AFS and TGFA had to price the transaction at the April 30, 2008 price.

Because AFS and TGFA were *required* to price the transaction at the April 30, 2008 price, every other allegation in the Complaint is immaterial.  That AFS did not process the order until it could confirm the precise number of shares to be redeemed is likewise immaterial.  Mutual funds are given three days to "settle" a transaction but are required to price it when the fund or service agent *first* receives an order to redeem shares.  17 C.F.R. §§ 240.15c6-1; 270.22c-1.  Thus, AFS and TGFA could have "liquidated" (in Plaintiff's words) the Plan's

holdings as late as May 3, 2008, so long as it processed the redemption based on the April 30, 2008 price, which was the day it received the redemption order.  Accordingly, the date the redemption took place is immaterial to how that redemption is priced under the Investment Company Act regulations.  As a matter of law, AFS did not breach any alleged fiduciary duty because it complied with the applicable federal law.  Consequently, Plaintiff cannot state a claim upon which relief can be granted.  Because Plaintiff has admitted facts that require dismissal of its claim, any amendment would be futile and this action should be dismissed with prejudice. *See General Elec. Capital Corp.*, 128 F.3d at 1085.

**B.**     **The Complaint Fails To State A Claim Under ERISA.**

The Complaint should also be dismissed because it fails to state the necessary elements of a claim for breach of fiduciary duty under ERISA.  Specifically, Plaintiff has failed to state a claim because it has not alleged—and cannot allege—facts establishing that AFS and TGFA were ERISA fiduciaries with respect to the Plan.[6]

Mutual funds are exempt from being considered fiduciaries to a plan investing in the mutual fund under ERISA.  *See* ERISA § 3(21)(B); 29 U.S.C. § 1002(21)(B) ("If any money or other property of an employee benefit plan is invested in securities issued by an investment company registered under the Investment Company Act of 1940, such investment shall not by itself cause such investment company or such investment company's investment adviser or

---

[6] The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  There must be some *factual* showing of the grounds on which Plaintiff is allegedly entitled to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 n.3 (2007).  "It is not . . . proper to assume that [Plaintiff] can prove facts that it has not alleged."  *Assoc. Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983).  And if Plaintiff's *factual* allegations fail to state a claim on which relief can be based, dismissal is appropriate.  *Twombly*, 550 U.S. at 554.  Thus, Plaintiff's repeated conclusory statement that AFS and TGFA had "authority and control" over plan assets, without any actual supporting factual allegations, is insufficient to state a claim.  *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1092 (7th Cir. 2008).

principal underwriter to be deemed to be a fiduciary or a party in interest as those terms are defined in this title."). The reason for this carve out, as illustrated above in the discussion of SEC Rule 22c-1, is that mutual funds are already regulated by the Investment Company Act of 1940 and the regulations promulgated thereunder, so that additional regulation under ERISA was considered unnecessary. *See* H.R. Conf. Rep. No. 93-1280, at 296 (1974).[7]

Even if this exemption did not apply, Plaintiff has failed to plead facts demonstrating that AFS or TGFA had any discretionary authority or control over the Plan's assets—in this case, the TGFA shares that Plaintiff ordered to be sold on April 30. *See* ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).[8] The stated "directed trustee" of the Plan, not AFS, acted with *exclusive* authority and control over the Plan's assets by directing AFS, the servicing agent for TGFA, to redeem the Plan's shares in TGFA based on the April 30, 2008 price. (Complaint ¶ 13.) Trustees, by law, have "exclusive authority and discretion to manage and control the assets of the plan." ERISA § 403(a); 29 U.S.C. § 1103(a). There is no allegation—and there cannot be—that the Plan trustee delegated such authority and control to AFS. And, in a letter dated May 1, 2008,

---

[7] Thus, TGFA, which had no involvement in the alleged transaction, cannot be a fiduciary of Plaintiff's plan. Mutual funds are only subject to ERISA in very limited circumstances involving certain prohibited transactions regarding the sale or purchase of their securities. *See* ERISA § 401 *et seq.*; 29 U.S.C. § 1101 *et seq.*, and the regulations promulgated thereunder. There are no such allegations here, nor could there be.

[8] "[A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

the Plan trustee directed AFS to "settle the [Plan's account] as of 4/30/2008." (Ex. A.)[9]

Accordingly, AFS was simply following the Plan's trustee's orders and did not assume control of

or authority over the sale or disposition of the Plan's assets. AFS merely performed, at the

trustee's direction, the ministerial task of exchanging one Plan asset (the securities) for another

(cash) and transmitting those assets back to the Plan trustee.

In such a ministerial role, AFS could not (and did not) exercise the requisite control or

authority to be considered a fiduciary for purposes of ERISA. *Schmidt v. Sheet Metal Workers'*

*Nat'l Pension Fund*, 128 F.3d 541, 547 (7th Cir. 1997) (concluding that a person who "merely

performed ministerial and clerical functions" and "had no discretionary authority or control in

the tasks . . . assigned" was not an ERISA fiduciary); *Pohl v. Nat'l Ben. Consult.*, 956 F.2d 126,

129 (7th Cir. 1992) ("ERISA makes the existence of discretion a sine qua non of fiduciary

duty."); *see also* 29 C.F.R. § 2509.75-8, D-2 ("[A] person who performs purely ministerial

functions . . . for an employee benefit plan . . . is not a fiduciary").[10] And because AFS did not

---

[9] The Plaintiff references "contact" between the Plan trustee and AFS on May 1, 2008 and a corrected liquidation order in its Complaint. (Complaint ¶ 21) (alleging that "[o]n May 1, 2008, Wachovia contacted AFS and submitted a corrected liquidation order to AFS"). Because such contact was referenced in the Complaint, the substance of it, which constituted a letter from the Plan trustee to AFS, can be incorporated into this motion to dismiss. *Duferco Steel v. M/V Kalisti*, 121 F.3d 321, 324 n.3 (7th Cir. 1997) ("Documents referred to in, but not attached to, a plaintiff's complaint that are central to its claim may be considered in ruling on a 12(b)(6) motion if they are attached to the defendant's motion to dismiss.") (citing *Ventura Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431-32 (7th Cir. 1993)). Additionally, because there is no allegation that Wachovia ever delegated its exclusive authority to AFS, even without the letter, Plaintiff's allegations fail to state a claim upon which relief can be granted.

[10] "The reason for the [ERISA fiduciary] duty is clearest when the agent has a broad discretion the exercise of which the principal cannot feasibly supervise, so that the principal is at the agent's mercy. The agent might be the lawyer, and the principal his client; or the agent might be an investment adviser, and the principal an orphaned child. If the agent has no discretion and the principal has a normal capacity for self-protection, ordinary contract principles should generally suffice." *Pohl*, 956 F.2d at 129.

breach any alleged fiduciary duty, TGFA did not "wrongfully retain[] or divert[] the Withheld

Proceeds." (Complaint ¶ 31.) Accordingly, the claims for breach of fiduciary duty against AFS

and TGFA should be dismissed with prejudice.

## IV.

## CONCLUSION

For all the foregoing reasons, AFS and TGFA respectfully request that the Court grant

their Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.

DATED:  May 13, 2009                    Respectfully submitted,


By:  /s/ Jeffrey B. Bailey
         Jeffrey B. Bailey

OF COUNSEL:                             COUNSEL OF RECORD:
GARETH T. EVANS                         JEFFREY B. BAILEY
email: gevans@gibsondunn.com            email: jbbailey@boselaw.com
ANDREW J. DEMKO                         PAUL D. VINK
email: ademko@gibsondunn.com            email: pvink@boselaw.com
GIBSON, DUNN & CRUTCHER LLP             BOSE MCKINNEY & EVANS LLP
333 South Grand Ave.                    111 Monument Circle, Suite 2700
Los Angeles, CA 90071-3197              Indianapolis, IN  46204
Telephone:  213.229.7000                Telephone:  317-684-5000
Facsimile:  213.229.7520                Facsimile:   317-684-5173

                                        *Attorneys for Defendant American Funds Service*
                                        *Company and The Growth Fund of America, Inc.*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 13, 2009, a copy of the foregoing Brief in Support of Motion

to Dismiss Complaint was served via electronic mail on the following persons by operation of

the Court's electronic filing system:

Thomas J. Costakis
Lawrence W. Schmits
Aaron R. Raff
KRIEG DEVAULT, LLP
One Indiana Square, Suite 2800
Indianapolis, IN  46204


/s/ Jeffrey B. Bailey
Jeffrey B. Bailey


BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, Indiana  46204
(317) 684-5000 (phone)
(317) 684-5173 (facsimile)


1398960_1

10