UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NIBCO INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No: 1:09-cv-319-WTL-TAB |
| | ) |
| AMERICAN FUNDS SERVICE CO. et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

### ENTRY ON DEFENDANTS' MOTION TO DISMISS

This cause is before the Court on the Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket No. 15). The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

### I.  RULE 12(b)(6) STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). There is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

### II.  BACKGROUND

Plaintiff NIBCO, Inc. ("NIBCO") filed suit against Defendants American Funds Service

Co., ("AFS") and The Growth Fund of America, Inc. ("TGFA").[1]  NIBCO alleges that Defendants breached a fiduciary duty owed to Plaintiff under ERISA.  The facts giving rise to this claim are as follows.

In January 2008, NIBCO decided to change its 401(k) plan service provider from Wachovia to Principal.  On April 30, 2008, Wachovia prepared and transmitted a mutual fund liquidation order to AFS.  This order was for the liquidation of 731,111 units.  However, the order did not precisely correspond to the number of whole and fractional units, 731,111.434, owned by the 401(k) plan.  Accordingly, AFS rejected the liquidation order.

On May 1, 2008, AFS informed Wachovia that its order had been rejected.  Wachovia then submitted a corrected liquidation order for 731,111.434 units.  This order was accepted and executed by AFS.  Due to discussions between Wachovia and AFS on May 1, the liquidation was priced at the April 30 value.  Because the market was ascending, the April 30 price was lower than the May 1 price.[2]  As a result, NIBCO was allegedly underpaid by $255,889.  NIBCO alleges that AFS was a fiduciary under ERISA and thus is required to compensate NIBCO for this loss.

### III.  DISCUSSION

NIBCO's Complaint alleges breach of fiduciary duty in violation of ERISA § 409(a), 29 U.S.C. § 1109(a) (2006).  Defendants argue first that the applicable Securities and Exchange

---

[1] AFS is the transfer agent for TGFA.  As such, AFS is responsible for processing redemptions, handling liquidations, and answering questions from shareholders on behalf of TGFA.

[2] The April 30, 2008, price was $32.69 per unit and the May 1, 2008, price was $33.04 per unit.

Commission ("SEC") rules required AFS to apply the April 30, 2008, price to the liquidation. Second, Defendants assert that they are not ERISA fiduciaries.

### A.     The letter.

As an initial matter, Defendants attached a letter from Wachovia to AFS to their Motion to Dismiss as Exhibit A.  In Defendants' minds this letter proves that AFS could not have been a fiduciary because AFS lacked authority and control of Plaintiff's assets.  Plaintiff disputes this interpretation and argues that this letter should not be considered by the Court.

Federal Rule of Civil Procedure 12(d) states: "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  The Seventh Circuit recognizes a narrow exception to this rule.  *See Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998).  The purpose of this exception is to "prevent parties from surviving a motion to dismiss by artful pleading or by failing to attach relevant documents."  *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (citation omitted).  Thus, "Documents referred to in, but not attached to, a plaintiff's complaint that are central to its claim may be considered in ruling on a Rule 12(b)(6) motion if they are attached to the defendant's motion to dismiss."  *Duferco Steel v. M/V Kalisti,* 121 F.3d 321, 324 n.3 (7th Cir. 1997); *see also Venture Ass'ns Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

In the instant case, the letter appended to Defendants' Motion to Dismiss is referenced in paragraph 21 of Plaintiff's Complaint, which states:

> On May 1, 2008, Wachovia *contacted* AFS and submitted a corrected liquidation order to AFS that was executed by AFS on May 1, 2008.  However, *as a result of discussions* between Wachovia and AFS, the liquidation on May 1, 2008 was based on the April 30, 2008 closing price instead of the May 1, 2008 closing

price.

(Complaint ¶ 21) (emphasis added). The letter is central to Plaintiff's claim as it evidences the relationship between Wachovia and AES. It also clearly states that the assets were to be sold at the April 30, 2008, price. Accordingly, the Court will consider the contents of the letter. However, as this is Defendants' Motion to Dismiss, the facts alleged in the Complaint must be taken as true and all reasonable inferences must be drawn in favor of the Plaintiff. Thus, to the extent necessary, the letter shall be construed in favor of Plaintiff.

      **B.**      **SEC Rule 22c-1.**

The parties agree that SEC Rule 22c applies. However, the parties have different views regarding the interpretation and effect of the rule. SEC Rule 22c requires that securities be sold, redeemed, or purchased at "a price based on the current net asset value of such security which is next computed after receipt of a tender of such security for redemption or of an order to purchase or sell such security . . . ." 17 C.F.R. § 270.22c-1(a) (2009). In other words, Rule 22c clearly states that securities must be priced on the date the liquidation order is received. Not surprisingly, in the instant case the parties dispute the receipt date. Defendants claim that the liquidation order was received on April 30, 2008, so April 30 is the receipt date even though the order was not processed until May 1, 2008.[3] Plaintiff argues that the receipt date was May 1, 2008. Plaintiff's Complaint asserts that Defendants "*rejected* the [April 30, 2008] liquidation order." (Complaint ¶ 18) (emphasis added). If Defendants rejected the April 30, 2008 order, then the May 1, 2008, liquidation order is a new order with a receipt date of May 1, 2008.

---

      [3] Defendants correctly note that under 17 C.F.R. § 240.15c6-1(a) (2009) they had three days in which to settle the transaction and liquidate the assets. Nevertheless, the price of the assets would be based on the day on which the liquidation order was received.

However, if AFS did not reject the liquidation order, then the receipt date is April 30, 2008.

Because there is a plausible set of facts that support Plaintiff's claim, the Court cannot dismiss

Plaintiff's Complaint.

### C. Fiduciaries under ERISA.

Defendants also argue that Plaintiff's case must be dismissed for failure to state a claim because Defendants were not ERISA fiduciaries and thus did not owe a fiduciary duty to Plaintiff.

According to ERISA, a person is a fiduciary

> to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A) (2006). Cases interpreting this code section have emphasized that "to be a fiduciary, the individual or entity involved must exercise a degree of discretion over the management of the plan or its assets, or over the administration of the plan itself." *Schmidt v. Sheet Metal Workers' Nat'l Pension Fund*, 128 F.3d 541, 547 (7th Cir. 1997) (citation omitted); *see also Mertens v. Hewitt Associates*, 508 U.S. 248, 262 (1993) ("ERISA . . . defines 'fiduciary' not in terms of formal trusteeship, but in *functional* terms of control and authority over the plan."); *Pohl v. Nat'l Benefits Consultants, Inc.*, 956 F.2d 126, 129 (7th Cir. 1992) ("ERISA makes the existence of discretion a sine qua non of fiduciary duty."). Thus, an individual who performs only "ministerial and clerical functions relating to the administration of the Plan" and who has "no discretionary authority or control in the tasks she was assigned" is not a fiduciary.

*Schmidt*, 128 F.3d at 547.

Defendants argue that there is simply no allegation in Plaintiff's Complaint that Defendants exerted the amount of discretionary authority or control necessary to become fiduciaries. However, it was not necessary for Plaintiff to allege such facts in the Complaint. Whether Defendants exercised enough control to become fiduciaries is not an issue properly determined by a motion to dismiss. Because there is a plausible set of facts that support Plaintiff's claim, the Court cannot dismiss Plaintiff's Complaint. Accordingly, Defendants' Motion to Dismiss is **DENIED**.

## CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss (Docket No. 15) is **DENIED**.

SO ORDERED:   11/06/2009

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Jeffrey B. Bailey
Bose McKinney & Evans, LLP
jbbailey@boselaw.com

Thomas J. Costakis
Krieg Devault, LLP
tcostakis@kdlegal.com

Aaron R. Raff
Krieg Devault, LLP
araff@kdlegal.com

Lawrence W. Schmits
Krieg Devault, LLP
lws@kdlegal.com

Paul D. Vink
Bose McKinney & Evans, LLP
pvink@boselaw.com