IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NIBCO INC., IN ITS CAPACITY AS THE SPONSOR AND ADMINISTRATOR OF THE NIBCO INC. PROFIT SHARING AND 401(K) SAVINGS PLAN,<br><br>        Plaintiff,<br><br>   v.<br><br>AMERICAN FUNDS SERVICE COMPANY, and THE GROWTH FUND OF AMERICA, INC.,<br><br>        Defendant(s). | **CASE NO. 1:09-cv-0319 WTL-TAB** |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants American Funds Service Company ("AFS") and The Growth Fund of America, Inc. ("TGFA," collectively, "Defendants") for its Answer in the above-captioned case, states as follows:

    1.    Paragraph 1 is denied for lack of information.

    2.    Paragraph 2 is denied for lack of information.

    3.    Paragraph 3 is denied for lack of information and because it calls for a legal conclusion.

    4.    Paragraph 4 is denied for lack of information.

    5.    Paragraph 5 is admitted.

    6.    Paragraph 6 is admitted.

7. Paragraph 7 is admitted insofar as TGFA is a diversified management investment company registered under the Investment Company Act of 1940 and incorporated under the laws of the State of Maryland.  Paragraph 7 is otherwise denied.

8. Paragraph 8 is denied for lack of information and because it calls for a legal conclusion.

9. Paragraph 9 is admitted insofar as this Court has jurisdiction pursuant to 28 U.S.C. § 1331.  Paragraph 9 is otherwise denied.

10. Paragraph 10 is admitted insofar as venue is proper in this district.  Paragraph 10 is otherwise denied.

11. Paragraph 11 is admitted insofar as a portion of the assets of the 401(k) Plan were invested in Defendant TGFA at some time prior to and up to May 1, 2008.  Paragraph 11 is otherwise denied for vagueness.  It is not clear what Plaintiff means by "relevant times."

12. Paragraph 12 is denied.

13. Paragraph 13 is admitted.

14. Paragraph 14 is denied for lack of information.

15. Paragraph 15 is denied for lack of information.

16. Paragraph 16 is admitted insofar as Wachovia prepared and transmitted a redemption order, through the National Securities Clearing Corporation ("NSCC").  Paragraph 16 is otherwise denied for lack of information.

17. Paragraph 17 is admitted to the extent that the redemption order transmitted through the NSCC was for a number of units that did not correspond to the number of units owned by the 401(k) Plan.

18. Paragraph 18 is denied.

19. Paragraph 19 is denied for lack of information.

20. Paragraph 20 is admitted insofar as Plaintiff was referring to the prices of Class R-4 shares of TGFA.

21. Paragraph 21 is admitted insofar as Wachovia contacted AFS on May 1, 2008. Paragraph 21 is otherwise denied.

22. Paragraph 22 is denied for lack of information and denied as vague because it is unclear what Plaintiff means by "aforementioned discussions."

23. Paragraph 23 is denied.

24. Paragraph 24 is denied.

25. Paragraph 25 is denied.

26. Paragraph 26 is denied.

27. Paragraph 27 is admitted insofar as NIBCO initiated an arbitration against Wachovia.  Paragraph 27 is otherwise denied.

### Breach of Fiduciary Duty Under ERISA
### (Pursuant to ERISA Section 502(a)(2), 29 USC § 1132(a)(2))

28. Paragraph 28 is denied because it requires a legal conclusion.

29. Paragraph 29 is denied.

30. Paragraph 30 is denied.

31. Paragraph 31 is denied.

32. Paragraph 32 is denied.

33. Paragraph 33 is denied.

34. Paragraph 34 is denied.

35. No response is required to Paragraph 35 because it merely purports to quote a statute.

36. Paragraph 36 is denied.

37. Paragraph 37 is denied.

## SEPARATE AND ADDITIONAL DEFENSES

38. By alleging the Separate and Additional Defenses set forth below, Defendants intend no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issue at law or in equity.  Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.

### FIRST SEPARATE AND ADDITIONAL DEFENSE
### (Failure to State a Claim)

39. Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND SEPARATE AND ADDITIONAL DEFENSE
### (No Injury)

40. Plaintiff's claims are barred in whole or in part to the extent that it has not sustained any cognizable injury.

### THIRD SEPARATE AND ADDITIONAL DEFENSE
### (Intervening Acts of Third-Parties)

41. Plaintiff's alleged injuries have been proximately caused by the acts of persons or entities other than Defendants, which acts were the intervening and superseding causes of Plaintiff's alleged injuries.

### FOURTH SEPARATE AND ADDITIONAL DEFENSE
### (Agency)

42. Plaintiff's agent, Wachovia, affirmatively decided the price at which Plaintiff's assets would be liquidated, and, as Plaintiff's agent, Wachovia's decision is attributable to Plaintiff.

### FIFTH SEPARATE AND ADDITIONAL DEFENSE
### (Doctrines of Waiver, *etc.*)

43. Plaintiff's claims are barred by the doctrines of waiver, estoppel, ratification, acquiescence, accord and satisfaction, settlement, consent, agreement, and release.

### SIXTH SEPARATE AND ADDITIONAL DEFENSE
### (Duplicative Damages)

44. Plaintiff's are barred from recovering any duplicative damages.

### SEVENTH SEPARATE AND ADDITIONAL DEFENSE
### (Preemption)

45. Plaintiff's claims are barred by federal securities laws and regulations, including, but not limited to, 17 C.F.R. § 270.22c-1.

### EIGHTH SEPARATE AND ADDITIONAL DEFENSE
### (Comparative Negligence/Fault)

46. Plaintiff's claims, in whole or in part, are barred by the Plaintiff's fault and/or negligence.

### NINTH SEPARATE AND ADDITIONAL DEFENSE
### (Statute of Limitations)

47. Plaintiff's claims, in whole or in part, are barred to the extent the applicable statute of limitations period has expired.

### TENTH SEPARATE AND ADDITIONAL DEFENSE
### (Laches)

48. Plaintiff's claims, in whole or in part, are barred by the doctrine of laches.

### ELEVENTH SEPARATE AND ADDITIONAL DEFENSE
### (Judicial Estoppel/Collateral Estoppel/Res Judicata)

49. Plaintiff's claims, in whole or in part, are barred by the doctrines of judicial estoppel, collateral estoppel, and/or res judicata.

**TWELFTH SEPARATE AND ADDITIONAL DEFENSE**
**(Reservation of Rights)**

50. Defendants designate all denials set forth above as affirmative defenses if necessary for their full defense of this matter and reserves the right to assert additional affirmative defenses as discovery continues.

WHEREFORE, based on the foregoing, Defendants request that the Complaint be dismissed in its entirety with prejudice, that Plaintiff receive nothing, and the Court award Defendants their costs and reasonable attorneys' fees as may be deemed appropriate.

DATED: November 23, 2009          Respectfully submitted,


                                  By: /s/ Jeffery B. Bailey
                                      Jeffrey B. Bailey


OF COUNSEL:                       COUNSEL OF RECORD:
GARETH T. EVANS                   JEFFREY B. BAILEY
email: gevans@gibsondunn.com      email: jbbailey@boselaw.com
ANDREW J. DEMKO                   PAUL D. VINK
email: ademko@gibsondunn.com      email: pvink@boselaw.com
GIBSON, DUNN & CRUTCHER LLP       BOSE MCKINNEY & EVANS, LLP
333 South Grand Ave.              111 Monument Circle, Suite 2700
Los Angeles, CA 90071-3197        Indianapolis, IN 46204
Telephone: 213.229.7000           Telephone: 317-684-5000
Facsimile: 213.229.7520           Facsimile: 317-684-5173

                                  *Attorneys for Defendant*
                                  *American Funds Service Company & The Growth*
                                  *Fund of America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2009, a copy of the foregoing Defendant's Answer to Plaintiff's Complaint was served via electronic mail on the following persons by operation of the Court's electronic filing system:

> Thomas J. Costakis
> Lawrence W. Schmits
> Aaron R. Raff
> KRIEG DEVAULT, LLP
> One Indiana Square, Suite 2800
> Indianapolis, IN  46204

>> /s/ Jeffrey B. Bailey
>> Jeffrey B. Bailey

BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, Indiana  46204
(317) 684-5000 (phone)
(317) 684-5173 (facsimile)

1549748_1/21735-1