IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NIBCO INC., IN ITS CAPACITY AS THE SPONSOR AND ADMINISTRATOR OF THE NIBCO INC. PROFIT SHARING AND 401(K) SAVINGS PLAN,<br><br>   Plaintiff,<br><br> v.<br><br>AMERICAN FUNDS SERVICE COMPANY, and THE GROWTH FUND OF AMERICA, INC.,<br><br>   Defendant(s). | CASE NO. 1:09-cv-0319 WTL-TAB |

## MOTION TO STAY CASE PENDING RELATED ARBITRATION

Defendants American Funds Service Company ("AFS") and The Growth Fund of America, Inc., ("TGFA") (collectively, "Defendants"), respectfully request that this Court stay this case pending the outcome of Plaintiff NIBCO, Inc.'s ("NIBCO") arbitration with Wachovia Bank, National Association ("Wachovia").

### INTRODUCTION

Defendants respectfully request a short stay pending the outcome of the arbitration between NIBCO and Wachovia, which is scheduled for a three-day hearing commencing on March 9, 2010. In the arbitration, NIBCO seeks to recover from Wachovia, its former 401(k) Plan Administrator, the identical relief it seeks in this action, *i.e.*, the difference between the NIBCO 401(k) Plan's holdings in TGFA based on the closing price of TGFA on May 1, 2008 instead of April 30, 2008. Wachovia placed the order to sell the NIBCO Plan's holdings in TGFA on April 30, 2008, and subsequently instructed defendant AFS to price the transaction at

the April 30 price (consistent with the Plan's original intent) after Wachovia corrected a clerical error on May 1. NIBCO commenced its American Arbitration Association ("AAA") arbitration against Wachovia alleging that it improperly instructed AFS to price the transaction as of the date it originally submitted the sell order, purportedly resulting in a $255,889 "underpayment." Subsequently, it commenced this action seeking the same remedy from AFS and TGFA.

If NIBCO prevails in its claim against Wachovia, and recovers the exact remedy it seeks in this proceeding, this case would be rendered moot as NIBCO otherwise would obtain a double recovery, and all of the resources expended by the Court and the parties in this action would be wasted. And, even if NIBCO does not prevail in the arbitration, this case would benefit from the discovery and factual development that will take place in the arbitration. In sum, the Court has every reason to grant this short stay, and very few (if any) reasons to deny it.

Moreover, the requested stay would be short, limited, and definite in nature. The arbitration is much further along than this case. Defendants therefore are only requesting a stay of a few months, with the potential benefit of saving a significant amount of the Court's and the parties' resources. Further, staying this case pending the outcome of the arbitration would not cede this Court's jurisdiction in any way. NIBCO has chosen to seek recovery for the same injury in two venues simultaneously. Defendants and the Court should not have to expend unnecessary resources to litigate this case when a short stay would allow the arbitration to conclude and either render this litigation moot or narrow its scope.

## BACKGROUND

The crux of NIBCO's Complaint is the allegation that Defendants breached fiduciary duties under ERISA by executing a redemption order using the closing price on April 30, 2008 instead of May 1, 2008, which purportedly resulted in a $255,889 "underpayment" to the NIBCO 401(k) plan. Complaint, ¶¶ 21-37.

On January 29, 2009, NIBCO "initiated an American Arbitration Association (AAA) proceeding against Wachovia *related to this matter*." Complaint ¶ 27 (emphasis added). According to NIBCO's statements in the Case Management Plan ("CMP"), this proceeding is scheduled for a three-day hearing starting on March 9, 2009. CMP at 11. NIBCO has brought the same claims against Wachovia—*i.e.*, breach of fiduciary duty—and it seeks the same remedy, *i.e.*, the difference between the redemption proceeds on April 30, 2008 and May 1, 2008. As a result, should NIBCO be fully compensated for its alleged loss in the arbitration proceedings, this case would be rendered moot.

### ARGUMENT

The Court should grant this motion to stay because the stay is of a short, definitive nature, it would promote the most efficient use of the Court's and the parties' resources, and would cause NIBCO no real harm.

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 707 (1997). This includes the power to stay all proceedings pending the resolution of independent proceedings elsewhere for the purposes of efficiency. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) *see also Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) ("[A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). District courts and appellate courts routinely grant stays such as the one requested here to conserve the resources of the courts and parties. *See, e.g.*, *Aetna State Bank v. Altheimer*, 430 F.2d 750, 755 (7th Cir. 1970) ("A stay pending the outcome of litigation in another court between the same parties, involving the same or controlling issues is an acceptable means of

avoiding unnecessary duplication of judicial machinery."); *Tex. Indep. Producers & Royalty Owners Ass'n v. EPA*, 410 F.3d 964, 980 (7th Cir. 2005).  The Supreme Court has only noted that the stay should not be "immoderate."  *Landis*, 299 U.S. at 254.  Otherwise, the district court has broad discretion.  *Id.*

Here, the proposed stay conserves resources and would contribute to the efficient disposition of this case.  NIBCO has brought the same claims against Wachovia and seeks the *same remedy* from it in an arbitration proceeding that is scheduled to occur in approximately three months.  If NIBCO is awarded the remedy it seeks, this case would be mooted because NIBCO would "no longer ha[ve] an injury that could be redressed by a favorable decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990); *see Air Line Pilots Ass'n, Int'l v. UAL Corp.*, 897 F.2d 1394, 1396 (7th Cir. 1990).  And even if Wachovia prevailed, this case would still benefit from the factual development and the narrowing of the issues that would occur in the related proceeding.

Further, the proposed stay would be for a short, definite duration and would, therefore, not be "immoderate."  *See Landis*, 299 U.S. at 254.  The proposed stay is short and definite because it is tied to an objective time-table, namely, the NIBCO/Wachovia arbitration that is only three months away.  The arbitration is scheduled to begin March 9, 2010 and last only three days.  Once the arbitrator issues a ruling, the proposed stay in this case would be lifted.  Given that the proposed stay is short and definite, the Court should grant it in the interests of judicial economy.

Finally, any prejudice to NIBCO of waiting approximately four months to further prosecute this litigation would be far outweighed by the benefits to judicial economy that would be realized from the proposed stay.  When a stay would only delay a plaintiff's recovery of

monetary damages, but would further "the orderly course of justice," the balance of interests weighs in favor of staying the proceedings. *See Formfactor, Inc. v. Micronics Japan Co.*, No. CV-06-07159 JSW, 2008 WL 361128, at *2 (N.D. Cal. Feb. 11, 2008) ("Potential monetary damages are not sufficient harm to warrant not staying this proceeding."); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (finding that the government would likely suffer harm from a stay because "[u]nlike the plaintiffs . . . who sought only damages for past harm, the Attorney General seeks injunctive relief against ongoing and future harm"). Any perceived harm NIBCO may endure from the short stay does not outweigh the benefits the stay would provide.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court stay all proceedings pending the resolution NIBCO's arbitration with Wachovia.

DATED:  December 2, 2009              Respectfully submitted,


                                       By: /s/ Paul D. Vink
                                           Paul D. Vink

| OF COUNSEL: | COUNSEL OF RECORD: |
|---|---|
| GARETH T. EVANS | JEFFREY B. BAILEY |
| email: gevans@gibsondunn.com | email: jbbailey@boselaw.com |
| ANDREW J. DEMKO | PAUL D. VINK |
| email: ademko@gibsondunn.com | email: pvink@boselaw.com |
| GIBSON, DUNN & CRUTCHER LLP | BOSE MCKINNEY & EVANS LLP |
| 333 South Grand Ave. | 111 Monument Circle, Suite 2700 |
| Los Angeles, CA 90071-3197 | Indianapolis, IN 46204 |
| Telephone:  213.229.7000 | Telephone: 317-684-5000 |
| Facsimile:  213.229.7520 | Facsimile: 317-684-5173 |

*Attorneys for Defendant
American Funds Service Company & The Growth Fund of America, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on December 2, 2009, a copy of the foregoing "Motion to Stay Case Pending Related Arbitration" was served via electronic mail on the following persons by operation of the Court's electronic filing system:

Thomas J. Costakis  
Lawrence W. Schmits  
Aaron R. Raff  
KRIEG DEVAULT, LLP  
One Indiana Square, Suite 2800  
Indianapolis, IN  46204  

                                              /s/ Paul D. Vink  
                                              Paul D. Vink

BOSE MCKINNEY & EVANS LLP  
111 Monument Circle, Suite 2700  
Indianapolis, Indiana  46204  
(317) 684-5000 (phone)  
(317) 684-5173 (facsimile)  

1555233_1